[Cite as *State v. Grantz*, 2014-Ohio-4127.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| -vs- | : | **CASE NO. 2014-T-0046** |
| JOHN C. GRANTZ, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2013 CR 00665.

Judgment: Appeal dismissed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow,* 112 South Water Street, Suite C., Kent, OH 44240 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.,

{¶1} On June 11, 2014, appellant, John C. Grantz, filed his notice of appeal, pro se, from a January 2, 2014 judgment entry issued by the Trumbull County Court of Common Pleas. On July 18, 2014, the trial court appointed Attorney Michael A. Partlow to represent appellant in this appeal.

{¶2} On June 12, 2014, appellee filed a motion to dismiss the appeal pursuant to Loc.R. 3(D)(3) for failure to attach a copy of the judgment entry being appealed and, pursuant to App.R. 4(A), for the notice of appeal being untimely filed.

{¶3} No brief or response in opposition to the motion has been filed

{¶4} App.R. 4(A) states in part:

{¶5} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed. * * *"

{¶6} In this case, appellant's notice of appeal was due by February 3, 2014, which was not a holiday or a weekend. Since appellant's notice of appeal was not filed until June 11, 2014, the appeal is untimely by approximately four months.

{¶7} App.R. 5(A) states, in relevant part:

{¶8} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶9} "(a) Criminal proceedings;

{¶10} "(b) Delinquency proceedings; and

{¶11} "(c) Serious youthful offender proceedings.

{¶12} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals. * * *"

{¶13} In the present case, appellant has neither complied with the thirty-day rule set forth in App.R. 4(A) nor sought leave to appeal. Thus, this court is without jurisdiction to consider the appeal. Appellant has a remedy under App.R. 5(A) to file an untimely appeal from a criminal judgment.

2

{¶14} Based upon the foregoing analysis, appellee's motion to dismiss is hereby granted, and the appeal is hereby sua sponte dismissed as being untimely.

{¶15} Appeal dismissed.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J., concur.

3